## NEW YORK SUPERIOR COURT.

### WALLACE agt. MURPHY.

A fraud committed in *contracting* a debt for the sale of goods for which the action is brought, subjects the offender to an *arrest* for the amount of the obligation incurred by him, whether such fraud would avoid the *sale* or not.

Where it appeared that the defendant purchased goods for cash, and got them into his possession, with an intent either to forthwith convert them into property not capable of being readily reached by execution, or to sell them to a *bona fide* purchaser to prevent a stoppage *in transitu*, held, a *fraud in buying the goods*, for which an order of *arrest* might be issued.

*Special Term, February*, 1862.

MOTION by defendant to discharge an order of arrest.

TOWNSEND, DYETT & RAYMOND, *for motion*.
FLANAGAN & CUMMINGS, *opposed*.

ROBERTSON, Justice.   The plaintiff swears that certain articles of merchandize were sold and delivered to the defendant for a certain price; and that the day prior to such sale certain other merchandize of the same kind was sold and delivered in like manner for cash, which was paid; that all of such sales were for cash, and on defendant's promise to pay cash therefor, and no other dealings were ever had between the parties; that the defendant urged the delivery to him of the goods so sold before the 30th of November last; that a few days after the delivery the plaintiff called on the defendant, by whom he was informed that he had sold out his stock of goods, and was not able to pay cash, as he had promised, and upon a demand of a return of the goods the defendant said he had sold them, and would pay the amount in four months, when he would be in business again, until which time the plaintiff would be obliged to wait.

The defendant denies in his affidavit that any of such

articles were sold to him for cash, except that which was paid for, though he alleges that all of them were sold at his store by sample (except two items) and on the plaintiff's solicitation to him to purchase them, and were bought on a credit of four months; that before such sale application was made to him by the plaintiff to buy goods on credit; that all the property bought was such as is usually sold on credit; that, on a sale for cash, the defendant would be entitled to a deduction of from five to ten per cent. He denies the urging to deliver the goods sold, and the representation to the plaintiff that he could not pay cash as promised. He alleges that he sold the stock in a lump, for a sum offered, to be paid in notes; two-fifths of which was paid in cash and the residue in notes, which were used by him in paying debts, or sold for sums used in paying debts.

The affidavit of the purchaser, and of a clerk of the defendant, states that the goods were sold in good faith, and were worth only the price brought.

The supplemental affidavit of the plaintiff shows that he called on the defendant at his request, at which interview he said " he wished to pay cash," and agreed to buy part of the goods sold. Others of them he ordered at the plaintiff's manufactory, and the plaintiff never exhibited samples of the goods, as charged by defendant, or urged him to purchase, but he sent samples to him of the goods he had purchased, after the sale.

Such affidavit also assails the *bona fide* of the sale of his stock by the defendant, and sets forth the conveyance by the defendant of certain real estate to his brother and clerk.

The evidence before me does not clearly state by what words or means the terms of sale were fixed, except that the plaintiff sold the articles for whose price suit is brought, and that the defendant had paid cash for a similar article before. The defendant does not undertake to set forth the words by which he made a contract on credit, and he seems

to rely on the fact that no deduction was made for cash, as establishing that it was a sale for credit, more than on any words used. The law affixes to every sale of which the terms are not otherwise regulated, the duty of paying cash on delivery. The sale must, therefore, be assumed to have been for cash. Being for cash, the circumstances of the immediate sale by the defendant of his whole stock of trade, and immediate disposition of the proceeds, and the transfers of his real estate, establish a fraud in contracting the debt for which the action is brought, whether such a fraud as would avoid the sale is immaterial; the statute intending that any fraud committed in making the contract should subject the offender to an arrest to answer for the amount of obligation incurred by him. A fraud which would avoid the contract would enable the deceived party to arrest the delinquent in an action to recover the goods, or other consideration, under the first subdivision of section 179, and the fourth subdivision was intended for other cases. I think getting the goods into the defendant's possession, with an intent to forthwith convert them into property not capable of being readily reached by execution, or to sell them to a *bona fide* purchaser to prevent a stoppage *in transitu*, is a fraud in buying the goods, for which an order of arrest may be issued, and that the evidence makes out such a case.

The motion must be denied, with seven dollars costs.